FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS DEAN SCYPHERS,<br><br>               Petitioner,<br><br>  v.<br><br>MELISSA ANDREWJESKI,<br><br>               Respondent. | NO:  2:23-CV-0181-TOR<br><br>ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION |

On January 19, 2024, the Ninth Circuit Court of Appeals determined that Petitioner Douglas Dean Scyphers had unnecessarily sought leave to file a second or successive petition under 28 U.S.C. § 2254 and transferred this action back to the District Court.  ECF No. 6.  Petitioner, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se.*  The $5.00 filing fee has been paid.

In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Petitioner challenges an unspecified 2018 Spokane County Jury Conviction.  ECF No. 1-1 at 1–2.  Petitioner invites the Court to "See the Judgment and Sentence; See

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION -- 1

attached motion for details." *Id.* at 1. But there are several motions accompanying the petition, ECF Nos. 1-2, 1-3, 1-4 at 6–10 and 12–31, and Petitioner fails to specifically direct the Court to the location in the record where relevant information regarding his Judgment and Sentence exists. Petitioner states that he was sentenced to 240 months imprisonment. ECF No. 1-1 at 1. Petitioner states elsewhere that he received a 250-month sentence in January 2018[1]. ECF No. 1-4 at 16.

Petitioner indicates that his direct appeal (No. 35851-8-III) was denied, but he provides no date, and again generally invites the Court to "see court record" and "see attached motion." ECF No. 1-1 at 2. Petitioner indicates that he did not seek further appellate review. *Id.* In a separate Affidavit, Petitioner states that his direct appeal was denied on March 31, 2020, and that his appellate counsel "discouraged further

---

[1] Petitioner attaches his Judgment and Sentence in Spokane County Superior Court case No. 14-1-02950-1, dated January 26, 2018, ECF No. 5-1 at 101–119. This document shows that Petitioner was found guilty of Rape of a Child in the Third Degree, Child Molestation in the Third Degree, Sexual Exploitation of a Minor, Possession of Depictions of a Minor Engaged in Sex Explicit Conduct in the Second Degree, First Degree Incest, and Bail Jumping. *Id.* at 102. He was sentenced to 240 months total confinement, with three of the counts to run consecutively to each other and the remainder to run concurrently. *Id.* at 107.

action." ECF No. 1-3 at 7. On the petition form, Petitioner also states that his counsel on direct appeal advised him in a letter not to appeal to the state's highest court. ECF No. 1-1 at 5. Petitioner apparently took this advice and accuses his appellate counsel of causing "procedural defaults." ECF No. 1-3 at 12–13.

Petitioner asserts that he sought assistance from a law firm on August 3, 2020, to file a Personal Restraint Petition[2]. ECF No. 1-3 at 7. On the Petition form, Petitioner states that he filed a Personal Restraint Petition ("PRP") (No. 38582-5-III) on an unspecified date, and again generally invites the Court to "See court

---

[2] Based on the January 11, 2023 Order Dismissing Personal Restraint Petition in case No. 38943-0-III, ECF No. 5-1 at 6–10, Petitioner filed his first timely PRP in December 2020, case No. 37909-4-III, which was dismissed as frivolous sometime in 2021. *Id.* at 6. While the first PRP was pending, Petitioner filed a second PRP, case No. 37953-1-III, which was also dismissed as frivolous sometime in 2021. *Id.* Petitioner also filed third and fourth PRPs, case Nos. 38531-1-III and 38532-5-III, each challenging DOC actions, which were dismissed. *Id.* at 6–7. Again, Petitioner fails to present the dates when he filed PRPs relating to his conviction and claims raised in this habeas corpus petition, and he provides no dates regarding their disposition.

record." ECF No. 1-2 at 3. Petitioner indicates that the grounds raised in that petition related to the failure of trial counsel to challenge and strike jurors[3]. *Id.*

Petitioner states that a second PRP (No. 37909-4-III), which he asserts was "a challenge to incarceration[4]", was filed on an unspecified date, and again generally invites the Court to "See court record." *Id.* at 4. This case number is sequentially earlier than the "first" PRP Petitioner claims to have filed. Petitioner does not state that he sought further review of either of these PRPs to the Washington State Supreme Court. *Id.* at 5. Petitioner avers that a third PRP (No. 101656-5) was filed in the State Supreme Court on January 24, 2023, and was denied as "untimely" on

---

[3] This appears unlikely as state court records indicate case No. 38532-5-III, was a challenge to "DOC actions." ECF No. 1-5 at 6–7. Regardless, Petitioner did not raise a challenge to his trial counsel's failure to strike a juror in this habeas action.

[4] This also appears unlikely as state court records refer to case No. 37909-4-III, as Petitioner's first timely PRP challenging sex offenses committed against his daughter and felony bail jumping in 2017, that was filed in December 2020, and dismissed as frivolous sometime in 2021. ECF No. 1-5 at 6.

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION -- 4

June 7, 2023.[5]  *Id.* at 4–5.  His federal habeas corpus petition was initially filed on June 22, 2023.  ECF No. 1-2.

## FEDERAL LIMITATIONS PERIOD

A prisoner must seek federal habeas relief within one year after direct review concludes or the time for seeking such review expires.  28 U.S.C. § 2244(d)(1)(A). A court may *sua sponte* raise the issue of timeliness in a habeas corpus action.  *Day v. McDonough*, 547 U.S. 198, 210 (2006).  It appears from the face of the documents presented that Petitioner's habeas petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

The period of limitations begins on the day that direct appellate review of the petitioner's case concludes.  "[I]t is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of

---

[5]  It appears this was a CrR 7.8(b) motion that Petitioner filed in the Superior Court on March 23, 2022, but which was transferred to the Court of Appeals as a PRP, case No. 38943-0-III, and dismissed as untimely on January 11, 2023.  ECF No. 1-5 at 6–10.  Petitioner then sought discretionary review in the Washington State Supreme Court, case No. 101656-5, *id.* at 12, which the Deputy Commissioner denied, and then the Washington State Supreme Court denied Petitioner's motion to modify the Deputy Commissioner's ruling on June 7, 2023.  *Id.* at 79.

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION -- 5

1    review." *See Wixom v. Washington*, 264 F.3d 894, 897–98 (9th Cir. 2001).  Here,

2    Petitioner states that the Washington State Court of Appeals, Division III, denied his

3    direct appeal on March 31, 2020, and because Petitioner accepted his appellate

4    counsel's advice, he did not to seek discretionary review in the Washington State

5    Supreme Court.  *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding "that,

6    for a state prisoner who does not seek review in a State's highest court, the judgment

7    becomes 'final' on the date that the time for seeking such review expires").

8    According to Washington's Rules of Appellate Procedure ("RAP"), a petitioner has

9    30 days to seek review by the Washington State Supreme Court.  RAP 13.4(a).

10    Therefore, Petitioner's judgment became final on April 30, 2020.

11        The onset of the period of limitations may be delayed if (1) the state

12    unconstitutionally prevented a petitioner from filing on time; (2) the United States

13    Supreme Court announces a new rule of law that applies retroactively to the

14    petitioner; or (3) the factual basis for a petitioner's claim could not have been known

15    to him through "due diligence."  See 28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner

16    presents no facts demonstrating any grounds to delay the running of the limitations

17    period.  Therefore, it began to run on May 1, 2020.

18        The one-year statute of limitations is tolled for the time "during which a

19    properly filed application for State post-conviction or other collateral review with

20    respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  A

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION -- 6

state post-conviction petition rejected by the state court as untimely, however, is not "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Petitioner does not provide information concerning when he filed PRPs in the state courts. The documents attached to the petition indicate that his first PRP was timely filed in December 2020, case No. 37909-4-III, but dismissed as frivolous sometime in 2021. ECF No. 5-1 at 6. While the first PRP was pending Petitioner filed a second PRP, case No. 37953-1-III, which was also dismissed as frivolous sometime in 2021. *Id.*

If the Court liberally assumes the first PRP was filed at the earliest on December 1, 2020, 214 days of the federal limitations period had expired by that date. And, if the Court liberally assumes that timely filed PRPs were "pending" as late as December 31, 2021, plus an additional 30 days to seek discretionary review in the Washington State Supreme Court, then the federal limitations period resumed at the latest on January 31, 2022, expiring 151 days later, on July 1, 2022.

Petitioner's CrR. 7.8(b) motion, filed in the Superior Court on March 22, 2022, and transferred to the Court of Appeals as a PRP, No. 38943-0-III, was denied as untimely. Therefore, it could not toll the federal limitations period. *See Pace*, 544 U.S. at 417. In addition, third and fourth PRPs, which were not related to Petitioner's judgment or to the claims presented in this habeas corpus petition, did

not toll the federal period.  28 U.S.C. § 2244(d)(2).  Therefore, absent equitable tolling, the federal habeas corpus petition filed on June 22, 2023, ECF No. 1-2, is untimely.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Petitioner must show that some "external force" caused his untimeliness, rather than mere "oversight, miscalculation or negligence." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted).  In other words, Petitioner must have been delayed by circumstances "beyond [his] direct control," and not by his or his lawyer's "own mistake." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  Notwithstanding his assertions that he diligently sought information concerning the warrant used to search his residence on June 3, 2014, Petitioner has not made this showing.  Based on the record before this Court, the Habeas Corpus Petition filed on June 22, 2023, is untimely, and Petitioner is not entitled to the habeas relief he seeks in this Court.  *See* Rule 4, Rules Governing § 2254 Cases.

### GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF

As his first ground for federal habeas corpus relief, Petitioner states, "Actual innocence, via "BRADY" violation and newly discovered evidence" and invites the

Court to "[s]ee attached motion for more details."  ECF No. 1-2 at 5.  He claims "BRADY and newly discovered evidence were exhausted in the lower Courts" although he indicates that he did not raise these claims either on direct appeal or in post-conviction proceedings.  *Id.* at 5–6.  Petitioner states, "In the State's response to the Court and myself, the State cited a case for a basis of an actual innocence claim.  This caused me to investigate and present that I am actually innocent of the crimes and I am now bringing this claim prompted by the State to pursue.  (Brady and newly discovered evidence were exhausted claims)".  *Id.* at 6.  Petitioner also contends that he "filed a motion to vacate a void judgment under CR 60(b)(5) in the State Supreme Court thinking it would accomplish the same result as an actual innocence claim."  *Id.* at 7.  Petitioner's bald assertion of "actual innocence," however, without any supporting facts, is insufficient to overcome the procedural deficiencies of his petition.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (It is Petitioner's burden to show that there is "new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial" which would prove that he is factually innocent.).

As his second ground for federal habeas relief, Petitioner asserts the ineffective assistance of counsel, and invites the Court to "See attached motion for further explanation and details of this ground."  ECF No. 1-2 at 7.  Petitioner

indicates that he did not raise this claim on direct appeal or in a PRP.  Rather, he claims to have presented it in a CrR 7.8(b) motion filed on an unspecified date.  *Id.* He indicates that he appealed an unspecified decision to the Court of Appeals, Division III.  *Id.* at 8.

As a third ground, Petitioner asserts "BRADY" violation, again inviting the Court to "see attached motion."  *Id.*  This claim was also apparently raised in the CrR 7.8(b) motion, and pursued to the Washington State Supreme Court.  *Id.* at 9-10.

As his fourth ground, Petitioner asserts a Fourth Amendment violation.  *Id.* at 10.  Petitioner states an awareness of "the 'Stone' ruling" but "is leaving this issue to be a Discretionary decision of the court whether to address this ground."  *Id.* at 10.  He contends that his "actual innocence is predicated on this ground.  It is supported in the other grounds of this petition."  *Id.*  He states that he "has provided facts in his motion to support this ground if the court chooses to address it.  The lower courts never addressed this issue on the merits.  'Attachment A' is not cross-referenced and incorporated into the search warrant and Detective Buell's affidavit. It is facially invalid."  *Id.*

Petitioner is essentially pursuing claims that are not cognizable on federal habeas corpus review.  He asks this Court to find that his retained trial counsel failed to investigate the validity of a warrant used to search his home on June 3, 2014, the

evidence from which, along with the examination and photographs of his body obtained when counsel encouraged him to comply with a police summons, resulted in his conviction of six of ten unspecified counts in 2018.  ECF No. 1-3.

The Court has reviewed the document identified as "Attachment A."  ECF No. 1-5 at 43–46.  This document provides the background of a Digital Forensic Specialist and describes where and how evidence could be found in records, documents, and materials.  *Id.*  Petitioner fails to present any plausible basis for his assertion that the omission of this document from an affidavit supporting a search warrant issued on June 3, 2014, or his trial counsel's failure to investigate and discover this omission, entitles him to federal habeas corpus relief.

The Court cannot discern how "Attachment A" supports any meritorious claim of the failure to disclose exculpatory or impeachment evidence under *Brady v. Maryland,* 373 U.S. 83 (1963), or how it demonstrates that Petitioner is innocent of the crimes of Rape of a Child in the Third Degree, Child Molestation in the Third Degree, Sexual Exploitation of a Minor, Possession of Depictions of a Minor Engaged in Sex Explicit Conduct in the Second Degree, First Degree Incest and Bail Jumping, ECF No. 5-1 at 102, under *Schlup v. Delo,* 513 U.S. at 321, 327.  It is not plausible, in the light of the information contained in Attachment A, that "no reasonable juror would have found the defendant guilty."  *Id.* at 329.

1    Under *Brady*, the prosecution may not suppress, but rather must disclose,

2    "evidence favorable to an accused . . . where the evidence is material either to guilt

3    or to punishment." 373 U.S. at 85.  Evidence is "material" only if "there is a

4    reasonable probability that, had the evidence been disclosed to the defense, the result

5    of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263,

6    280 (1999) (internal quotation marks omitted); *see also Ochoa v. Davis*, 16 F.4th

7    1314, 1326 (9th Cir. 2021).  Petitioner has not shown that "Attachment A" is material

8    to either his guilt or punishment. *Strickler,* 527 U.S. at 280.  He has not shown how

9    any suppression of this document prejudiced him.  *Id.* at 282.  Consequently,

10    Petitioner has failed to present a meritorious *Brady* claim warranting federal habeas

11    corpus review.

12    Furthermore, this Court is precluded from reviewing any Fourth Amendment

13    challenge related to evidence obtained in an allegedly unconstitutional search or

14    seizure. *See Stone v. Powell*, 428 U.S. 465 (1976).  "[W]here the State has provided

15    an opportunity for full and fair litigation of a Fourth Amendment claim, the

16    Constitution does not require that a state prisoner be granted federal habeas corpus

17    relief on the ground that evidence obtained in an unconstitutional search or seizure

18    was introduced at his trial." *Id.* at 482; *see also Hernandez v. City of Los Angeles*,

19    624 F.2d 935, 937 n.3 (9th Cir. 1980) ("[F]ourth amendment claim is not cognizable

20

1    as a basis for federal habeas relief, where the state has provided an opportunity for

2    full and fair litigation of the claim.").

3        Petitioner challenges the assistance of retained trial counsel for "failing to

4    investigate the cross-reference and incorporation of 'Attachment A' into the search

5    warrant and affidavit of Detective Andrew Buell and the ineffectiveness to suppress

6    the search warrant and 'Attachment A' and the evidence and its fruit of the poisonous

7    tree." ECF No. 1-4 at 15. Apparently, alternative grounds for suppression (i.e.,

8    "staleness") were offered at a *Franks*[6] hearing, but evidence was admitted. *Id.* at 16.

9    Plaintiff proceeded to trial, and when a jury "deadlocked," the trial judge dismissed

10   four of the ten charges. *Id.*

11       Under *Stone v. Powell*, whether the state court correctly resolved Petitioner's

12   Fourth Amendment claims is irrelevant: "The relevant inquiry is whether petitioner

13   had the opportunity to litigate his claim, not whether he did in fact do so or even

14   whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891,

15   899 (9th Cir. 1996); *see also Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir.

16   2005); *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994) (concluding that a

17   petitioner's argument went "not to the fullness and fairness of his opportunity to

18   litigate the claim[s], but to the correctness of the state court resolution, an issue

19

20   ─────────────────
     [6]  *Franks v. Deleware*, 438 U.S. 154, 155–56 (1978).

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION -- 13

which *Stone v. Powell* makes irrelevant."). Consequently, Petitioner's Fourth Amendment challenge to the search warrant, claiming that "Attachment A" was not attached, is not cognizable because it is barred by the *Stone v. Powell* doctrine.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, ECF No. 1-1, is **DISMISSED WITH PREJUDICE** as untimely and pursuant to Habeas Rule 4**.**

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

**DATED** March 11, 2024.



THOMAS O. RICE
United States District Judge

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION -- 14